## Case Information

DC-17-06579 | PEGGY COOPER vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

| Case Number | Court | File Date |
|---|---|---|
| DC-17-05579 | 116th District Court | 05/10/2017 |
| Case Type | Case Status | |
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
COOPER, PEGGY

Address
317 LAKE WICHITA DRIVE
WYLIE TX 75098

Active Attorneys ▼
Lead Attorney
MCCLENNY, JAMES M
Retained

Work Phone
713-334-6121

Fax Phone
713-322-5953

DEFENDANT
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136



EXHIBIT
A

Active Attorneys ▼ 

Lead Attorney
CONDER, DENNIS D
Retained

Work Phone
214-748-5000

Fax Phone
214-748-1421

## Events and Hearings

NEW CASE FILED (OCA) - CIVIL

ORIGINAL PETITION

JURY DEMAND

JURY DEMAND - ORIGINAL PETITION

PDF MAIL.pdf

CASE FILING COVER SHEET

Return - MAIL.pdf

SERVICE ISSUE/MAND

REQUEST FOR CITATION

ISSUE CITATION

CERTIFIED MAIL

CERTIFIED MAIL

06/01/2017

CERT MAIL/KW 9214 8901 0661 5400 0107 3557 19

CIT EXEC 5/25/17 CERT MAIL

## Financial

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $430.00 |
| | Total Payments and Credits | | | $430.00 |
| 5/11/2017 | Transaction Assessment | | | $430.00 |
| 5/11/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 29847-2017-DCLK | COOPER, PEGGY | ($430.00) |

## Documents

FILED
DALLAS COUNTY
5/10/2017 4:50:48 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-CERT-MAIL

CAUSE NO. DC-17-05579

| | | |
|---|---|---|
| **PEGGY COOPER** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **METROPOLITAN LLYODS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | F-116TH |
| | § | _____ **JUDICIAL DISTRICT** |
| *Defendant* | § | |

## PLAINTIFF PEGGY COOPER'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Peggy Cooper, (hereinafter referred to as "Plaintiff"), complaining of Metropolitan Lloyds Insurance Company of Texas, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Metropolitan Lloyds Insurance Company of Texas is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, C T Corporation System, located at the following address: 1999 Bryan St Ste 900 Dallas TX 75201 -3136.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Metropolitan Lloyds Insurance Company of Texas because Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Metropolitan Lloyds Insurance Company of Texas sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Metropolitan Lloyds Insurance Company of Texas, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's personal property (contents), (hereinafter referred to as "the Property"), which is located in 317 Lake Wichita Drive, Wylie, Texas 75098.

9.  Defendant Metropolitan Lloyds Insurance Company of Texas and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about April 11, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Metropolitan Lloyds Insurance

Company of Texas. Plaintiff subsequently opened a claim on April 13, 2016 and Defendant Metropolitan Lloyds Insurance Company of Texas assigned an adjuster to adjust the claim.

12. On or around April 13, 2016, Plaintiff promptly reported the claim to Defendant. After conducting an inadequate inspection, Defendant sent a letter to Plaintiff outlining the claim settlement. According to the letter, "the total repair/replacement cost of your damages has been determined to be $7,119.64." Therefore, Defendant issued minimal payment on the claim. Neither the letter nor the estimate provided an explanation as to how Defendant determined Plaintiff's damages as it did, nor does it sufficient detail as to what was inspected. Such conduct by Defendant violates Tex. Ins. Code §541.060(a)(3), which requires Defendant to provide Plaintiff with a reasonable explanation of the basis in policy, in relation to the facts or applicable law, for its settlement offer.

13. Frustrated by Defendant's failure to adequately assess her claim, Plaintiff was forced to bear her own costs and retain the services of a public adjuster to assess the damages to her property. The investigation by Plaintiff's public adjuster revealed that the damage to the property was in the amount of $40,403.39. The gross disparity between Defendant's RCV of $7,119.64 and the public adjuster's RCV of $40,403.39 highlights Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear. Tex. Ins. Code §541.060(a)(2)(A).

14. Plaintiff's public adjuster's estimate contains photos of the damages sustained to Plaintiff's contents. Based on the investigation, Plaintiff's public adjuster concluded that many of Plaintiff's contents needed to be discarded and ultimately replaced. Mold was found on clothing, one of Plaintiff's children was forced to sleep on a mattress placed directly on the floor. Also, Plaintiff's landlord was forced to make significant repairs to the home for which Plaintiff was renting. Defendant's estimate, on the other hand, accounted for only minimal damage, and severely undervalued many of Plaintiff's contents. Such conduct by Defendant further violates TEX. INS. CODE §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

15. On or around May 3, 2017, Plaintiff was presented for an Examination Under Oath (EUO). During the examination, Defendant's retained counsel proceeded to inquire about the color of Plaintiff's sheets. This line of irrelevant questioning continued for over 30 minutes. By all accounts it was clear that Defendant is not interested in tendering full and proper payment for the damages sustained to Plaintiff's contents, but rather, more interested in delaying and obstructing. To this date, this claim remains unpaid or dramatically underpaid.

16. Thereafter, Defendant Metropolitan Lloyds Insurance Company of Texas wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

17. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

18. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

19. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

20. Defendant's assigned adjuster acted as an authorized agent of Defendant Metropolitan Lloyds Insurance Company of Texas. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Metropolitan Lloyds Insurance Company of Texas. Plaintiff relied on

Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

21. Defendant Metropolitan Lloyds Insurance Company of Texas failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

22. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

23. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

24. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. All acts by Defendant Metropolitan Lloyds Insurance Company of Texas were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Metropolitan Lloyds Insurance Company of Texas and/or were completed in its normal and routine course and scope of employment.

27. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

28. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

31. Defendant Metropolitan Lloyds Insurance Company of Texas and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant Metropolitan Lloyds Insurance Company of Texas's conduct constitutes a breach of the insurance contract made between Defendant Metropolitan Lloyds Insurance Company of Texas and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Metropolitan Lloyds Insurance Company of Texas had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

34. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant Metropolitan Lloyds Insurance Company of Texas breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

36. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

37. As described in this Original Petition, Defendant Metropolitan Lloyds Insurance Company of Texas represented to Plaintiff that her Policy and Metropolitan Lloyds Insurance Company of Texas's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

38. As described in this Original Petition, Defendant Metropolitan Lloyds Insurance Company of Texas represented to Plaintiff that her Policy and Metropolitan Lloyds Insurance Company of Texas's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

39. By Defendant Metropolitan Lloyds Insurance Company of Texas representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

40. Defendant Metropolitan Lloyds Insurance Company of Texas has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

41. Defendant Metropolitan Lloyds Insurance Company of Texas's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

42. Defendant Metropolitan Lloyds Insurance Company of Texas's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

43. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Metropolitan Lloyds Insurance Company of Texas, to her detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

44. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

45. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

47. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

 A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

 B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

 C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

 D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

 E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

48. By its acts, omissions, failures and conduct, Defendant Metropolitan Lloyds Insurance Company of Texas has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the

insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant Metropolitan Lloyds Insurance Company of Texas's unfair or deceptive acts or practices. § 541.151(2).

49. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Metropolitan Lloyds Insurance Company of Texas and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

50. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Metropolitan Lloyds Insurance Company of Texas's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

51. As a result of Defendant Metropolitan Lloyds Insurance Company of Texas's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

52. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

53. From and after the time Plaintiff's claim was presented to Defendant Metropolitan Lloyds Insurance Company of Texas, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite

there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

54. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

### KNOWLEDGE

55. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

### DAMAGES

56. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

63. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

64. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

65. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

66. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

67. Plaintiff demands a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the appropriate fee with this Original Petition.

### DISCOVERY

68. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

### I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Metropolitan Lloyds Insurance Company of Texas, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### II. REQUESTS FOR PRODUCTION

1. Please produce Metropolitan Lloyds Insurance Company of Texas's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Metropolitan Lloyds Insurance Company of Texas's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Metropolitan Lloyds Insurance Company of Texas intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Metropolitan Lloyds Insurance Company of Texas and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Metropolitan Lloyds Insurance Company of Texas and its assigned adjuster, and all correspondence between Metropolitan Lloyds Insurance Company of Texas and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Metropolitan Lloyds Insurance Company of Texas expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Metropolitan Lloyds Insurance Company of Texas or Metropolitan Lloyds Insurance Company of Texas's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Metropolitan Lloyds Insurance Company of Texas or any of Metropolitan Lloyds Insurance Company of Texas's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Metropolitan Lloyds Insurance Company of Texas's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.  The date and manner in which Metropolitan Lloyds Insurance Company of Texas received notice of the claim;

   b.  The date and manner in which Metropolitan Lloyds Insurance Company of Texas acknowledged receipt of the claim;

   c.  The date and manner in which Metropolitan Lloyds Insurance Company of Texas commenced investigation of the claim;

   d.  The date and manner in which Metropolitan Lloyds Insurance Company of Texas requested from the claimant all items, statements, and forms that Metropolitan Lloyds Insurance Company of Texas reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

   e.  The date and manner in which Metropolitan Lloyds Insurance Company of Texas notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Metropolitan Lloyds Insurance Company of Texas anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Metropolitan Lloyds Insurance Company of Texas's document retention policy.

10. Does Metropolitan Lloyds Insurance Company of Texas contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Metropolitan Lloyds Insurance Company of Texas contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Metropolitan Lloyds Insurance Company of Texas contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Metropolitan Lloyds Insurance Company of Texas's bonus or incentive plan for adjusters.

## CONCLUSION

69. Plaintiff prays that judgment be entered against Defendant Metropolitan Lloyds Insurance Company of Texas and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees,

court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant Metropolitan Lloyds Insurance Company of Texas, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly entitled.

Respectfully submitted,

*/s/ James M. McClenny*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
**Attorneys for Plaintiff**

FILED
DALLAS COUNTY
6/8/2017 1:53:56 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-05579

| | | |
|---|---|---|
| PEGGY COOPER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116TH JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

**I.**

**SPECIAL EXCEPTIONS**

Defendant Metropolitan Lloyds Insurance Company of Texas specially excepts to Plaintiff's Original Petition in the following particulars:

a.     To Paragraph 66 – Compel Mediation wherein the Plaintiff requests Defendant be made to mediate in that a re-inspection of Plaintiff's personal property, as well as her completed examination under are, are necessary in order for Defendant to fully evaluate the Plaintiff's claims.   Therefore, mediation should not be conducted until the foregoing has been accomplished.

## II. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff Peggy Cooper's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## III. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

### PROPERTY CONDITIONS

### SECTION 1 – CONDITIONS

\*\*\*

2.   **What You Must Do After a Loss.  We** have no obligation to provide coverage under this policy if **you** or **yours** representative fail to comply with the following duties:

\*\*\*

B.   Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.   Cooperate with **us** in the investigation of a claim.

D.   Prepare an inventory of damaged or stolen personal property showing, in detail, the quantity, age, description, **actual cash value** and amount of loss claimed for each item.  Attach to the inventory all bills and other documents that substantiate the figures in the inventory.

E.   At any reasonable time and place **we** designate, and as often as **we** reasonably require:
    1.   show **us** the damaged property;
    2.   submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

3.   allow **us** to examine and copy or abstract any records and documents **we** request.

***

7.   **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs.

**IV.  JURY DEMAND**

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: _____
Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of June, 2017, a copy of the foregoing was delivered to Plaintiff Peggy Cooper's counsel of record in accordance with the Texas Rules of Civil Procedure.

_____
Dennis D. Conder

PAN/PLDG/586708.1/001466.17963