IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEGGY COOPER,<br>　　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LLOYDS<br>INSURANCE COMPANY OF TEXAS,<br>　　　Defendant. | §<br>§<br>§<br>§　　Civil Action No. 3:17-CV-1640-L<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

By *Order of Reference*, filed July 25, 2017, before the Court for determination is *Defendant Metropolitan Lloyds Insurance Company of Texas' Motion to Abate Until Examination Under Oath and Re-Inspection are Complete*, filed July 25, 2017 (doc. 7). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

This case arises out of a dispute over an insurance policy issued to Peggy Cooper (Plaintiff) by Metropolitan Lloyds Insurance Company of Texas (Defendant). (doc. 7 at 2.)[1] The insurance policy provides that in order to recover after a loss, Plaintiff must:

> C. Cooperate with [Defendant] in the investigation of a claim.
> . . .
> E. At any reasonable time and place [Defendant] designates, and as often as we reasonably require:
> 　　　1. show us the damaged property;
> 　　　2. submit to questions concerning the loss under oath while not in the presence of any other person defined as 'you', and sign and swear to the answers; and
> 　　　3. allow us to examine and copy or abstract pertinent records and documents we request.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(doc. 7-1 at 28.) The policy also contains a "Lawsuits Against Us" clause, which states that "[n]o suit or action may be brought against [Defendant] by [Plaintiff] unless there has been full compliance with all of the policy terms." (*Id*. at 41.)

On or around April 11, 2016, Plaintiff's personal property suffered "substantial damage" from wind and hail. (docs. 7 at 2; 7-5 at 2; 11 at 1.) Plaintiff made an insurance claim for the damages the following day, and Defendant began its investigation. (doc. 7-5 at 2.) An independent adjuster inspected Plaintiff's property on April 15 and April 17, 2016, and on April 25, 2016, payment was issued to her in the amount of $3,059.52. (*Id*.) Defendant also paid her $9,808.36, for food and living expenses. (*Id*. at 3.) A public adjuster contacted Defendant in May of 2016, but it did not receive her estimate on Plaintiff's claim until September of 2016. (*Id*.) Defendant requested additional information and documentation on the items listed in the public adjuster's estimate, but after Plaintiff and the public adjuster failed to respond, Defendant assigned a special investigator. (*Id*.) Defendant's special investigator made multiple unsuccessful attempts to inspect the property with the public adjuster. (*Id*.)

Both parties retained counsel, and Defendant sent multiple emails regarding a date for Plaintiff's examination under oath. (*Id*.) Plaintiff's examination under oath was eventually scheduled for May 3, 2017, and Defendant requested that she bring various documents relating to the damaged items. (*See* doc. 7-3 at 2-3.) During Plaintiff's examination under oath, she refused or was unable to answer many questions, including questions regarding the items for which she was claiming compensation. (*See* doc. 7-2 at 2-41.)[2] She also failed to provide any of the requested

---

[2] The facts are gathered from the transcript of Plaintiff's examination under oath as well as several letters containing information regarding her insurance claim, her examination under oath, and its attempts to re-inspect her property, which were submitted by Defendant. (*See* docs. 7-2; 7-3; 7-4; 7-5; 7-6.) Plaintiff does not dispute this evidence, and she attached the same transcript to her response along with an email that appears to respond to a letter from

2

documentation. (*See id*. at 6-7.) Plaintiff ended the examination under oath before Defendant finished covering the information necessary to evaluate her claim. (*Id*. at 40.) Defendant discontinued the examination, with objection, and requested to continue it to obtain the necessary information. (*Id*.) Defendant also attached photographic exhibits to the transcript of the examination under oath about which it did not have the opportunity to question Plaintiff. (*Id*.) Defendant subsequently requested to re-inspect Plaintiff's property with her and her public adjuster based on information received during the examination. (docs. 7-4 at 2; 7-5 at 3.) It appears that as of July 10, 2017, Defendant has been unable to re-inspect Plaintiff's property. (doc. 7-6 at 2-3.)

On May 10, 2017, Plaintiff filed suit against Defendant for "breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and negligence," and she seeks between $200,000 and $1,000,000 in damages. (docs 1-1 at 5; 7-5 at 2; 11 at 1-2.) On June 21, 2017, Defendant removed the action to federal court based on diversity jurisdiction. (doc. 1 at 1-3.)

On July 25, 2017, Defendant filed a motion asserting that the case should be abated until Plaintiff complies with the conditions precedent in the insurance policy. (doc. 7 at 1.) With a

---

Defendant. (*See* docs. 11; 11-1; 11-3.)

timely-filed response and reply,[3] this motion is now ripe for consideration. (docs. 11; 12.)[4]

## II. MOTION TO ABATE

Defendant contends that the lawsuit should be abated until Plaintiff "fully cooperates with [Defendant] in its investigation of her claim by completing an examination under oath", bringing the requested examination documents, and allowing Defendant to inspect the damaged property as required under the insurance policy. (doc. 7 at 1.)

Plaintiff responds that abatement is improper because (1) Defendant can obtain the information it seeks through discovery, (2) she was entitled to end the examination under oath, during which she was cooperative, when Defendant acted unreasonably, and (3) she gave Defendant the opportunity to re-inspect her property. (doc. 11 at 2-4.)

"There is no specific statute or rule which expressly authorizes a motion to abate." *Cowan v. Sentry Ins. a Mutual Co.*, No. 4:17-CV-00437-O-BP, 2017 WL 3394185, at *2 (N.D. Tex. July

---

[3] Without seeking leave of court, Defendant filed several exhibits with its reply that were not initially filed with its motion, including letters and emails between the parties' attorneys, the independent adjuster's inspection report, a loss report, a letter regarding payment on Plaintiff's claim and a copy of a check to her, and the public adjuster's representation letter as well as correspondence between the public adjuster and Defendant. (*See* docs. 12-1; 12-2; 12-3; 12-4; 12-5; 12-6; 12-7.) The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239–240 (N.D. Tex. 1991) (Fitzwater, C.J.). It is therefore not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). Even if considered, however, Defendant's new evidence would not change the determination.

[4] Also without seeking leave of court, Plaintiff filed a sur-reply with the insurance policy and an email from her attorney to Defendant's attorney as attached exhibits. (docs. 13; 13-1; 13-2.) The Local Civil Rules do not contemplate sur-replies. *See Comstock v. City of Balch Springs*, No. 3:17-CV-344-B, 2017 WL 2791113, at *1 (May 18, 2017). "[S]ur-replies are 'highly disfavored' and are permitted only in 'exceptional or extraordinary circumstances.'" *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, No. 4:03-cv-1384-Y (N.D. Tex. Sept. 29, 2015)(citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Lindsay, J.)). A sur-reply is appropriate only when the movant attempts to present new evidence at the reply stage *and* the respondent seeks leave of court to file one. *Brackens v. Dallas Indep. School Dist.*, No. 3:09-CV-642-D, 2010 WL 5464823, at *5 (N.D.Tex. Sept. 20, 2010). Because Plaintiff did not seek leave to file her sur-reply or the attached exhibits, they will not be considered. *See Comstock*, 2017 WL 2791113, at *1. Even if considered, however, these filings would not change the determination.

4

19, 2017), *adopted by* 2017 WL 3382658 (N.D. Tex. Aug. 4, 2017) (citing *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010)). It is within a federal court's judicial discretion to make a determination on such motions but this discretion "must be exercised in light of the policy against unnecessary dilatory motions." *Id.* (citations omitted). Under Texas law,[5] "[t]he party seeking abatement has the burden of proof to establish the allegations in its motion to abate." *In re Vanblarcum*, No. 13-15-00056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (citing cases); *Southern Cty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468–69 (Tex. App.—Corpus Christi 2000, no pet.) (citing *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966).

It is well established under Texas law that cooperation clauses and "'[i]nsurance policy provisions requiring an insured to submit to an examination under oath as conditions precedent to sustaining a suit on the policy are valid.'" *Cowan*, 2017 WL 3394185, at *2 (citing *Brown v. State Farm Lloyds*, No. CIV.A. V-10-63, 2012 WL 1077668, at *3 (S.D. Tex. Mar. 29, 2012)); *see also In re Foremost County Mut. Ins. Co.*, 172 S.W.3d 128, 132 (Tex. App.—Beaumont 2005, orig. proceeding) ("Policy terms requiring a policy holder to submit to an [examination under oath] before filing suit are valid"); *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (enforcing conditions precedent such as cooperation and examination under oath clauses). Policy provisions requiring an insured to furnish requested

---

[5] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). In this diversity case, the events giving rise to the claims are alleged to have occurred in Texas (doc. 7 at 2.), and the parties do not dispute that Texas law applies. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

documents and allow the insurer to inspect the damaged property as conditions precedent, as well as clauses stating that no action may be brought against the insurer until the insured complies with the terms of the policy, like the "Lawsuits Against Us" clause in Plaintiff's insurance policy, are also valid. (*See* doc. 7-1 at 41.) *Cowan*, 2017 WL 3394185, at *2 (citing *Brown*, 2012 WL 1077668, at *3); *see also In re Foremost County Mut. Ins. Co.*, 172 S.W.3d at 136 (enforcing clauses, such as an examination under oath clause, "allows the [insurer] to conduct a more thorough investigation before it must make a determination on accepting or rejecting a claim."). Such "clauses are 'clear and unambiguous' in entitling the insurer 'to have the [conditions precedent] followed and the underlying suit abated until the completion of [those] procedure[s].'" *Cowan*, 2017 WL 3394185, at *3 (citing cases). "[A]n insured's failure to comply with a condition precedent constitutes grounds for abating the suit" rather than barring it. *Nabors v. Am. Reliable Ins. Co.*, No. 3:17-CV-0790-G, 2017 WL 2463277, at *3 (N.D. Tex. June 7, 2017) (citing *State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App—Beaumont, 1989, no writ)); *see Cowan*, 2017 WL 3394185, at *3 (stating that the "proper remedy to enforce the condition precedent is abatement rather than bar.")

The transcript of Plaintiff's examination under oath shows that she did not bring the requested documents in support of her claim, did not provide Defendant with the information it was seeking, and ended the examination early. (*See* doc. 7-2 at 2-41.) She claims that she was cooperative during the examination and was entitled to end it because Defendant was being unreasonable when it "stepped out of the realm of 'fact finding'" by asking questions such as "[w]hen did you retain your attorney?" and "[w]ho referred you to your attorney?" (doc. 11 at 3.) Throughout the examination, Plaintiff was uncooperative and refused to answer questions, or

6

claimed to not know the answers to many questions, including questions about whether she had the requested documentation or the items for which she was making claims, however. (doc. 7-2 at 4-41.) Additionally, Plaintiff has not allowed Defendant to inspect her property "as often as [it] reasonably require[d]" because Defendant sought to re-inspect the property after the examination and has been unable to do so. (docs. 7-1 at 28; 7-4 at 2; 7-5 at 3; 7-6 at 2-3.)

Defendant has met its burden to show that Plaintiff failed to comply with the conditions precedent in the insurance contract by not cooperating in the examination under oath, failing to provide the requested documentation, and not allowing Defendant to re-inspect the property. Although Plaintiff argues that Defendant can obtain the information it seeks through discovery, the proper remedy for failure to comply with conditions precedent is abatement of the case. *See Cowan*, 2017 WL 3394185, at *2 (citing cases) (finding that the plaintiff's argument that the prevailing party could seek relief through discovery failed because the proper remedy for failure to comply with conditions precedent is abatement). Accordingly, Defendant's motion to abate should be granted. *See Nabors*, 2017 WL 2463277, at *3-4 (stating that abatement is the proper remedy when an insured fails to meet conditions precedent prior to filing suit against the insurer); *Wofford v. Allstate Ins. Co.*, No. 3:04–CV–2699–M, 2005 WL 755761, at *3 (N.D. Tex. Apr. 4, 2005) (abating case for failure to comply with conditions precedent where the plaintiff participated in, but did not complete, the examination under oath and failed to produce documents requested for investigation into his insurance claim).

### III. RECOMMENDATION

Defendant's motion to abate is **GRANTED,** and this case is **ABATED** for sixty (60) days to allow time for Plaintiff to fully cooperate with Defendant by completing an examination under

oath, supplying the requested examination documents, and allowing Defendant to re-inspect the damaged property as required by the insurance policy. The parties are ordered to file a joint status report regarding the status of the completion of these requirements no later than sixty (60) days from the date of this order.

    **SO ORDERED** on this 30th day of January, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE